[Cite as *Oliver v. Pickaway Corr. Inst.*, 2011-Ohio-6973.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TYRONE OLIVER

    Plaintiff

    v.

PICKAWAY CORRECTIONAL INSTI.

    Defendant.

Case No. 2010-13121-AD

Deputy Clerk Daniel R. Borchert

## MEMORANDUM DECISION

### FINDINGS OF FACT

{¶1} Plaintiff, Tyrone Oliver, an inmate incarcerated at defendant's Pickaway Correctional Institution (PCI), filed this complaint alleging that agents of defendant improperly removed $14.69 from his inmate account on May 28, 2010. According to plaintiff, defendant has acknowledged the error but has not replaced the funds into his account.

{¶2} Plaintiff filed this complaint seeking to recover $14.69, the stated amount erroneously withdrawn from his inmate funds. The filing fee was paid.

{¶3} On September 16, 2011, defendant filed an investigation report admitting liability for the amount of $14.69.

{¶4} Plaintiff filed a response requesting that defendant "be required to pay me any interest, and my $25.00 filing fee that was paid April 25, 2011."

### CONCLUSIONS OF LAW

{¶5} Defendant may bear liability for failure to properly monitor an inmate plaintiff's account by either failing to record deposits or in making unauthorized withdrawals. See *Nelms v. Southeastern Corr. Inst.*, Ct. of Cl. No. 2007-01401-AD, 2007-Ohio-7087; *Lonero v. Lebanon Corr. Inst.*, Ct. of Cl. No. 2009-01719-AD, 2009-

Ohio-6359. Plaintiff, in the instant action, has submitted sufficient evidence to prove that defendant acted improperly in handling the funds in his inmate account.

{¶6} Prejudgment interest is not compensable in this claim. In addition, inmate accounts are maintained as checking accounts and do not earn interest credited to the individual inmate. See Ohio Administrative Code 5120-5-02; see also *Moore v. Belmont Corr. Inst.*, Ct. of Cl. No. 2008-03670-AD, 2008-Ohio-7065.

{¶7} Plaintiff has suffered damages in the amount of $14.69, plus the $25.00 filing fee, which may be reimbursed as compensable damages pursuant to the holding in *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

TYRONE OLIVER

    Plaintiff

    v.

PICKAWAY CORRECTIONAL INSTI.

    Defendant

    Case No. 2010-13121-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $39.69, which includes the filing fee. Court costs are assessed against defendant.

                                      DANIEL R. BORCHERT
                                      Deputy Clerk

Entry cc:

Tyrone Oliver, #599-853
11781 State Route 762
Orient, Ohio  43146

Gregory C. Trout, Chief Counsel
Department of Rehabilitation
and Correction
770 West Broad Street
Columbus, Ohio  43222

9/27
Filed 9/29/11
Sent to S.C. reporter 2/6/12